UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY NEIL ALFRED,

      Petitioner,

v.                                        Case No:  2:16-cv-864-FtM-38MRM

FLORIDA SUPREME COURT,

      Respondent.
_____/

## OPINION AND ORDER[1]

### I.

This matter comes before the Court upon review of Petitioner's motion to alter or amend judgment (Doc. #11), motion for leave to proceed on appeal *in forma pauperis* (Doc. #14), and "motion for issuance to rule" (Doc. #15).

In the motion to alter or amend judgment, Petitioner argues that this Court improperly characterized his petition as one for habeas corpus relief. See generally Doc. #11. Instead, Petitioner maintains that he filed a petition for declaratory judgment against the Florida Supreme Court. Id. at 2. Petitioner argues that this Court has jurisdiction:

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> to adjudicate the controversy under Article IV, Section 4, of the United States Constitution which guarantees citizens of the United States a republican form of government for every state [sic] meaning that only the residents of any given state is superior to its state constitution—a fundamental principle that the [Florida Supreme Court] clearly violated when it effected a de facto amendment or revision of the Florida Constitution [sic] [see Baker v. State, 878 So.2d 1236 (Fla. 2004)] by stripping noncapital imprisoned persons of the constitutional right to invoke the Florida Supreme Court's habeas corpus jurisdiction.

Id. at 4-5.

## II.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered.  See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000).  "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted).  A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment.  Id. (citing Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Saadi v. Maroun, Case No. 8:07-cv-1976-T-24MAP, 2009 WL 3736121 *6 (M.D. Fla. Nov. 4, 2009)(internal citations omitted).  "Rule 59 is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."  Id.

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific circumstances such as: "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Rule 60 also provides for a catchall provision that permits the Court to grant relief from a final judgment "for any other reasons that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under this provision is "exceedingly rare" and "does not offer an unsuccessful litigant an opportunity 'to take a mulligan.'"  Federal Rules Civil Handbook, Rule 60, Reason 6 (quoting Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007)).  "Even then, whether to grant the requested relief is a matter for the district court's sound discretion."  Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

### III.

The Court finds no reason to grant Plaintiff any relief under either Rule 59 or Rule 60.  The Court affirms its order of dismissal.  The Court logically construed the action as one under habeas corpus because Petitioner is in the custody of the Secretary of the Department of Corrections for a 1998 conviction arising in Miami-Dade Circuit Court in Florida.  Petitioner's action for declaratory relief against the Florida Supreme Court would nevertheless be subject to dismissal under the general principles of federalism.  See Younger v. Harris, 401 U.S. 37 (1971) (noting federalism is a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union and separate State governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways).  The federal district court does not sit to invalidate cases issued by the state courts concerning matters of state law, i.e. whether the Florida

Supreme Court in <u>Baker</u> misapplied Florida law to preclude state prisoners from filing habeas corpus petitions in Florida state courts. <u>Id.</u> at 45 ("What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly infer with the legitimate activities of the States. As noted in this Court's order of dismissal, Petitioner previously filed a federal habeas petition in the United States District Court for the Southern District of Florida in case number 07-21974 (S.D. Fla. 2007), and was denied relief. Petitioner's federal Constitutional rights remain intact.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's "motion to alter or amend judgment" (Doc. #11) is **DENIED**.

2. Petitioner's "application to proceed in district court without preparing fees or costs" (Doc. #14) is **DENIED as moot**.

3. Petitioner's motion for issuance to rule (Doc. #15) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record